**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.:

UBALDO ALMARAZ,

    Plaintiff,

vs.

PHIMICO COMPANY LLC D/B/A
SHINJU JAPANESE RESTAURANT, a
Florida Limited Liability Company,
KIN SAN LAM, and YONGGUAN WU,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, UBALDO ALMARAZ ("Mr. Almaraz" or "Plaintiff"), by and through the undersigned attorneys, sue Defendants, PHIMICO COMPANY LLC D/B/A SHINJU JAPANESE RESTAURANT ("SHINJU"), KIN SAN LAM ("Mr. Lam"), and YONGGUAN WU ("Mr. Wu") (collectively, "Defendants"), and allege the following:

**GENERAL ALLEGATIONS**

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Plaintiff, Mr. Almaraz, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

3. Defendant, SHINJU, is a limited liability company, with its principal place of address at 8800 SW 72nd Street, Miami, FL 33173, and within the jurisdiction of this Court.

4. At all times material hereto, SHINJU operates a Japanese sushi restaurant.

5. Defendant, Mr. Lam, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

6. Defendant, Mr. Wu, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

7. At all times material hereto, Mr. Lam and Mr. Wu were member-managers of SHINJU and were jointly responsible for its daily operations, including its payroll practices and decisions.

8. Mr. Lam and Mr. Wu approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

9. At all times material hereto, Plaintiff was employed by SHINJU, Mr. Lam, and Mr. Wu.

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

11. Upon information and belief, SHINJU's gross annual revenues were in excess of $500,000.00 per year in the years 2016, 2017, and 2018, 2019, and will exceed the same in 2020.

12. At all relevant times, SHINJU has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, SHINJU (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2016 - 2020. SHINJU has employed and/or continues to employ "employee[s]," including Plaintiff, who himself handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

13. Therefore, based on the aforementioned, SHINJU was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

14. At all times material hereto, Plaintiff, in performing his job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

15. Mr. Almaraz was employed by SHINJU as an assistant sushi chef between the dates of October 14, 2013 until March 15, 2020. As such, for purposes of this lawsuit, Mr. Almaraz is entitled to a look-back time period of August 13, 2017 - August 13, 2020.

16. At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Plaintiff performed hours of service for SHINJU in excess of forty (40) hours during one or more workweeks, for which SHINJU failed to properly pay additional overtime premiums.

17. Rather than properly pay Plaintiff overtimes wages, as is mandated by law, SHINJU paid Plaintiff a flat rate regardless of hours worked.

18. Plaintiff was not exempt from the right to receive the appropriate overtime pay under the FLSA.

19. Rather, Plaintiff solely performed non-exempt work, that is, Plaintiff's primary duties consisted of cooking and preparing food for customers, as well as other non-supervisory roles.

20. Plaintiff's primary duties did not require the exercise of discretion and judgment.

21. Plaintiff was not free from supervision in connection with matters of significance such as project management, scheduling, or operations. Moreover, Plaintiff did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

22. Upon information and belief, Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

23. The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay overtime to Plaintiff for those hours worked in excess of forty (40).

24. Since 2013, Defendants (1) employed Plaintiff; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Plaintiff in excess of forty (40) during one or more workweeks, for which SHINJU failed to properly pay additional overtime premiums.

## COUNT I
## RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF UBALDO ALMARAZ AGAINST ALL DEFENDANTS

25. UBALDO ALMARAZ re-alleges and reaffirms paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for Unpaid Overtime on behalf of Mr. Almaraz against all Defendants.

27. During Mr. Almaraz's employment with SHINJU, he worked hours in excess of forty (40) for which he was not properly compensated. Instead, Mr. Almaraz was paid a weekly flat rate.

28. Mr. Almaraz was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

29. Mr. Almaraz was never paid overtime for the hours he worked for SHINJU, from 2013 through the last date of his employment with SHINJU.

30. Mr. Almaraz was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

31. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by SHINJU's failure to pay Mr. Almaraz time and one-half wages for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due. Rather, Defendants attempted to intentionally skirt federal law.

32. Defendants failed to properly disclose or apprise Mr. Almaraz of his rights under the FLSA.

33. Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Almaraz.

34. Mr. Almaraz is entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendants, Mr. Almaraz has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

36. Mr. Almaraz is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

37. Mr. Almaraz demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, UBALDO ALMARAZ, respectfully requests that a judgment be entered against Defendants, PHIMICO COMPANY LLC D/B/A SHINJU JAPANESE RESTAURANT, KIN SAN LAM, and YONGGUAN WU:

   a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

   b. Awarding Mr. Almaraz overtime compensation in the amount to be calculated;

   c. Awarding Mr. Almaraz liquidated damages in the amount to be calculated;

    d.  Awarding Mr. Almaraz reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.  Awarding Mr. Almaraz pre- and post-judgment interest; and

    f.  Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 13th day of August 2020.

> Pike & Lustig, LLP
> */s/ Daniel Lustig*
> **Daniel Lustig**
> Florida Bar No.: 059225
> **Robert C. Johnson**
> Florida Bar No.: 116419
> 1209 N. Olive Ave.
> West Palm Beach, FL 33401
> Telephone: (561) 855-7585
> Facsimile: (561) 855-7710
> Email:  pleadings@pikelustig.com
> *Counsel for Plaintiff*